(No. 15128.—Reversed and remanded.)

CORBETT E. KELLEY, Appellant, *vs.* THE ST. LOUIS SMELTING AND REFINING COMPANY, Appellee.

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*

1. CONSTITUTIONAL LAW—*amendment of 1921 to section 15 of Occupational Diseases act is invalid.* The amendment of 1921 to section 15 of the Occupational Diseases act of 1911 violates section 13 of article 4 of the constitution in attempting to amend the statute by reference to its title, only, and to leave the original section 15 in full force and effect with respect to all occupational diseases except those covered by section 2 of the act.

2. SAME—*clause (e) of the 1921 amendment to section 15 of the Occupational Diseases act is not surplusage.* Clause (e) of the 1921 amendment to section 15 of the Occupational Diseases act, which recites that "except as amended herein said section fifteen (15) shall be and remain in full force and effect as heretofore," is clear and unambiguous and cannot be regarded by the courts as surplusage.

APPEAL from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

HAROLD J. BANDY, for appellant.

E. J. VERLIE, and WILLIAM E. WHEELER, (A. M. FITZ-GERALD, and D. H. MUDGE, of counsel,) for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Appellant filed his declaration in the circuit court of Madison county charging appellee with a willful violation of the Occupational Disease act and seeking to recover damages for injuries to his health resulting from such violation. Appellee filed a general and special demurrer to the declaration, contending that the right of action created or preserved by section 15 of the act had been taken away from appellant by the amendment of· 1921, which limited him to the recovery of compensation as provided by the Workmen's Compensation act. The demurrer was sustained and a judgment entered in favor of the appellee. This appeal followed.

Section 15 of the Occupational Disease act of 1911 provides: "For any injury to the health of any employee proximately caused by any willful violation of this act or willful failure to comply with any of its provisions, a right of action shall accrue to the party whose health has been so injured, for any direct damages sustained thereby; and in case of the loss of life by reason of such willful violation or willful failure as aforesaid, a right of action shall accrue to the widow of such deceased person, his lineal heirs or adopted children, or to any other person or persons who were, before such loss of life, dependent for support upon such deceased person, for a like recovery of damages for the injury sustained by reason of such loss of life, not to exceed the sum of $10,000: *Provided,* that every such action for damages in case of death shall be commenced within one year after the death of such employee." (Laws

of 1911, p. 334.)    The act of 1921, which purports to amend this section, reads as follows:

"Sec. 15. (*a*) Disablement an accident.—The disablement of an employee engaged in occupations covered by section two (2) of this act resulting from an occupational disease arising as a result of the work, labor, manufacture or process referred to in said section two (2), shall be treated as the happening of an accidental injury within the terms and meaning of the Workmen's Compensation act.

"(*b*) Definition.—The term disablement means the state of being disabled from earning full wages at the work at which the employee was last employed by the employer from whom he claims compensation.

"(*c*) Employee's right to recover compensation.—If any employee employed in occupations covered by section two (2) of this act is disabled or dies and his disability or death is caused by a disease arising out of the occupations referred to in section two (2) of this act which diseases arises out of and in the course of his employment, he or his dependents shall be entitled to compensation for his death or for the duration of his disability in accordance with the provisions of the Workmen's Compensation act.

"(*d*) Limitation of right to recover damages.—No common law or statutory right to recover damages for injury or death sustained by an employee from an occupational disease other than the compensation provided in the Workmen's Compensation act shall be available to any employees engaged in any work, manufacture or process referred to in section two (2) of this act, to anyone wholly or partially dependent upon him, the legal representatives of his estate or to anyone otherwise entitled to recover damages for such injury.

"(*e*) Extent of amendment.—Except as amended herein said section fifteen (15) shall be and remain in full force and effect as heretofore."    (Laws of 1921, p. 444.)

307—24

Appellant contends that the act of 1921 is unconstitutional because it purports to amend the Occupational Disease act and the Workmen's Compensation act without inserting at length in the new act the sections amended. The appellee contends that the act of 1921 does not amend the Workmen's Compensation act, and that it amends the Occupational Disease act by repealing section 15 thereof and substituting therefor the new act.

It is clear that the legislature did not intend to repeal section 15, because in paragraph (e) of the new act the section is declared to be and remain in full force and effect except as amended. This declaration is clearly in violation of section 13 of article 4 of the constitution of 1870, which declares: "No law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act." The argument of the appellee that paragraph (e) "is absolutely meaningless," and that "it is null and void and should be stricken out for that reason," cannot be sustained. The language used is clear and unambiguous and the court has no authority to ignore it. The act shows on its face that it is an attempt to amend the existing law by intermingling new and different provisions with the old ones, so as to create out of the existing law and the new act an act for the recovery of damages or compensation resulting from an occupational disease. The original act provided that a right of action should accrue to one suffering from an occupational disease, provided it was "proximately caused by any willful violation of this act or willful failure to comply with any of its provisions." Was it the legislative intent to provide compensation for any disability arising from any occupational disease, or is the provision requiring the disease to be the result of willful misconduct on the part of the employer carried into the new section, which brings the employee within the provisions of the Workmen's Compensation act? The existing law provided that the depend-

ents of an employee dying from certain occupational diseases had one year within which to bring their action. Is this provision carried forward into the act of 1921, or must the dependents serve notice within thirty days and make a demand for compensation within six months, as required by the Workmen's Compensation act? There are other provisions of the original section 15 of the Occupational Disease act and of the Workmen's Compensation act which are not in harmony, and it is impossible to tell whether the legislature intended to incorporate the provisions of the one or the other in the act of 1921.

We are not left to speculate, however, with respect to the legislative intent. The act of 1921 does not purport to cover employees engaged in occupations other than those described in section 2 of the Occupational Disease act. Section 2 relates to certain lines of industry which are declared to be "especially dangerous to the health of the employees." This section only purports to cover those employments which require the using and handling of a variety of lead preparations in harmful quantities or under harmful conditions and where brass is manufactured or lead or zinc is smelted. In those industries the act requires employers to provide and maintain for the benefit of the employees proper working clothes and requires employees to wear the same while at work, and it also requires that adequate and approved respirators shall be furnished to the employees and used by them where the process of manufacture is unnecessarily productive of noxious or poisonous dust. Section 1 of the act covers every kind and character of employment where it "may produce any illness or disease peculiar to the work or process carried on, or which subjects the employees to the danger of illness or disease incident to such work or process, to which employees are not ordinarily exposed in other lines of employment," and it requires the employer to "adopt and provide reasonable and approved devices, means or methods for the prevention of such in-

dustrial or occupational diseases as are incident to such work or process." There are many occupational diseases which may be contracted which are covered by section 1 and which are without the limits of section 2. For instance, a workman engaged in handling sewage or in cleaning sewers or cesspools, or in mining, or in handling hides or other by-products of animals, or in setting and distributing type, or in painting, decorating or sign-writing, might, under the peculiar facts of the case, be held to be employed at work which had produced an illness or disease peculiar to the work to which employees are not ordinarily exposed in other lines of employment and thereby come within the terms of section 1, but such employees would certainly not come within the terms of section 2, because such employments are not generally considered to be especially dangerous to the health of employees by reason of the use of harmful quantities of poisonous chemicals or minerals. It is clear, therefore, that the legislature intended that section 15 of the original act should be and remain in full force and effect with respect to all occupational diseases except those covered by section 2 of the act. The act of 1921 therefore amends the original section 15 of the Occupational Disease act by reference to its title, only, and the section amended is not inserted at length in the new act, as required by the constitution, and it is therefore void.

The court erred in sustaining the demurrer to the declaration and in entering judgment in favor of appellee.

The judgment is reversed and the cause is remanded to the circuit court of Madison county.

*Reversed and remanded.*