## In re LOVETT.

### Petition of BENDER.

(District Court, S. D. Illinois, N. D. May 8, 1923.)

No. 1285.

1. Statutes ⊕⇒141(1)—When amendment within constitutional prohibition of amendment by reference to title only stated.

If statute is complete act of legislation on subject with which it deals, it does not violate Const. Ill. art. 4, § 13, prohibiting amendment of statute by reference to its title only; but if it merely attempts to amend law by mingling new provisions with old, or by adding new provisions, so as to create, out of old and new together, law on that subject, it is within constitutional prohibition.

2. Statutes ⊕⇒141(1)—Illinois statute invalidating mortgages, deeds of trust, etc., held invalid, as amending prior act by reference to title.

Act Ill. June 27, 1921 (Laws 1921, p. 570), amending Act July 1, 1874 (Rev. St. 1874, c. 95), by adding thereto section 4a providing that no mortgage, deed of trust, or conveyance of personalty shall be valid as to creditors, though recorded as provided in section 4, is invalid because it amends prior act by reference to title only, in violation of Const. Ill. art. 4, § 13.

In Bankruptcy. In the matter of Hugh W. Lovett, bankrupt. On petition of Julius Bender to review and revise determination of referee, rejecting as a preferred claim, but allowing as a general claim, a claim on chattel mortgage executed after passage of Mortgage Act Illinois June 27, 1921, and filed for record more than ten days after its execution. Reversed, and cause re-referred to referee, with directions.

E. V. Champion, of Peoria, Ill., for trustee.

George W. Hunt and McGrath, Stone, Daily & Michel, all of Peoria, Ill., for mortgagee.

FITZHENRY, District Judge. The only question involved here is the constitutionality of an act "to amend an act entitled 'An act to revise the law in relation to mortgages of real estate and personal property,' approv-ed March 26, 1874, in force July 1, 1874, as subsequently amended by adding thereto a section to be known as 'Section 4a,'" approved June 27, 1921 (Laws 1921, p. 570); the contention of the petitioner being that the act is clearly in violation of the Constitution of Illinois (article 4, § 13), which provides: "And no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act."

Section 1 of the act provides: "Be it enacted by the people of the state of Illinois, represented in the General Assembly: That an act to amend an act entitled, 'An act to revise a law in relation to mortgages of real estate and personal property,' approved March 26, 1874, in force July 1, 1874, as subsequently amended, by adding thereto a section to be known as 'section 4a' as follows."

Section 4a, as incorporated in the act, provides: "No mortgage, trust deed or conveyance of personal property shall be valid as against the creditors of the mortgagor, even though admitted to record, as provided in section 4 of this act, unless it shall be filed for record in the office of the recorder of deeds of the proper county within 10 days of its execution, and any such mortgage, trust deed or conveyance of personal property not filed for record within ten days of the execution thereof shall be fraudulent and void as to creditors."

Section 4, referred to, contains the provision that any such instrument as is described in section 4a "shall be admitted to record by the Recorder of the county in which the mortgagor shall reside at the time when the instrument is executed and recorded * * * and shall thereupon, if bona fide, be good and valid from the time it is filed for record until maturity of the entire debt or obligation."

The amendatory act provides that no such instrument shall be valid as against creditors, "even though admitted to record, as provided in Section 4 of this act. * * * * " A careful reading of section 4a discloses that it is general in operation and affects all instruments of the character described, a mortgage, trust deed, or conveyance of personal property, then the provision that, even though it is admitted to record as provided in section 4, such instrument shall not be valid. The phrase "as provided in section 4 of this act" refers to the immediately preceding phrase, "even though admitted to record," and does not presume to limit the operation of the amendment to the instrument referred to in section 4.

[1] The test of the constitutionality of this act is whether or not it is a new section, complete, standing alone. If the new act is a complete and entire act of legislation on the subject with which it deals, it will not be subject to constitutional objection; but if it merely attempts to amend the law by mingling new provisions with the old, or by adding new provisions so as to create out of the old and new together the law on that subject, it must be regarded as amendatory to the old, and the law amended must be inserted at length in the new act. People v. Greer College, 302 Ill. 538, 135 N. E. 80.

[2] Section 4a not only amends section 4, but, as I read it, it also amends section 1 of the act, which provides that no such instrument as is described in section 4a shall be valid as against the rights and interests of any third person, unless possession of the property conveyed there shall be delivered to and remain with the grantee, or the instrument shall provide for the possession of the property to remain in the grantor, and the instrument is acknowledged and recorded as hereinafter directed, and every such instrument shall for the purposes of the act be deemed a chattel mortgage.

The conclusion is irresistible that, if section 4a is valid, then section 1 would be modified, so that, if possession were delivered to the mortgagee or assignee, it would be necessary for the instrument to be recorded, and that within 10 days from the date of the execution thereof. Section 4, which provides that such an instrument shall be valid and binding against creditors, where the possession is retained by the grantor and filed for record, is amended by it so as to read that it will be binding and effective from and after the date when it is recorded, *provided it is recorded within ten days after the date of its execution.*

It is clear to the court that section 4a, amending as it does the existing provisions of sections 1 and 4 of the Mortgage Act of Illinois, by reference to its title only, brings it clearly within the inhibition of article 4, § 13, of the Constitution of Illinois. People v. Greer College, 302 Ill. 544, 546, 547, 135 N. E. 80; Bishop v. Chicago Railways Co., 303 Ill. 273, 276, 135 N. E. 439; Gage v. City of Chicago, 203 Ill. 569, 136 N. E. 483; Kelley v. St. L. Smelting & Refining Co., 307 Ill. 367, 138 N. E. 618.

Had it been the intention and purpose of the General Assembly of Illinois to add an additional provision with reference to filing chattel mortgages for record, where the possession of the property was to remain in the mortgagor, it could easily have done so

by putting the phrase above quoted in section 4, and re-enacting the entire section; but, as it was passed, its operation is not limited alone to the instruments referred to in section 4, but clearly applies to all instruments of that character and which come within the range of sections 1 and 4, so as to change the existing policy of the state upon this subject, which is so important to commercial intercourse and has been the rule for a half century.

In the judgment of the court, the Act of June 27, 1921, is unconstitutional and void. The holding of the referee will be reversed, and the cause re-referred to the referee, with the direction to treat the chattel mortgage in question as valid and binding.