SAN PEDRO, L. A. & S. L. R. CO. v. THOMAS et al.

(Circuit Court of Appeals, Ninth Circuit. May 8, 1911.)

No. 1,852.

1. CARRIERS (§ 348*)—ACTION FOR INJURY TO PASSENGERS—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

In an action against a railroad company for the death of a passenger, who was killed by the derailment of the car while entering a station and when he was standing on the platform, where the court instructed the jury fully as to the provisions of Civ. Code Cal. § 483, applicable to the case. it was not error to refuse an instruction requested, laying down an arbitrary rule which would bar recovery, and to submit the question of contributory negligence, in view of the statute, to the jury.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 348.*]

2. TRIAL (§ 240*)—INSTRUCTIONS—REFUSAL OF REQUESTS.

It is not error for a court to refuse an instruction, prepared by counsel, stating general propositions which merely support an argument in favor of the party presenting it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 561; Dec. Dig. § 240.*]

In Error to the Circuit Court of the United States for the Southern Division of the Southern District of California.

Action at law by Maggie Thomas and John Thomas, her husband, against the San Pedro, Los Angeles & Salt Lake Railroad Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

A. S. Halsted and S. M. Johnstone (W. R. Kelly, of counsel), for plaintiff in error.

Drew Pruit, Thomas Ball, and W. O. Morton, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and HANFORD, District Judge.

HANFORD, District Judge. On a former presentation of it, this court rendered a decision which necessarily settled the law of this case for the trial court (170 Fed. 129), to which it was remanded for a new trial. From the record on which the case has been again presented, it appears that it was retried before the court and a jury, and by the instructions given the issue which this court held to be proper to be determined by a jury was submitted to the jury, and by the verdict returned decided in favor of the plaintiffs, who are now the de-

fendants in error. The bill of exceptions, assignments of error, and arguments in behalf of the plaintiff in error controvert the validity of the judgment only on grounds of alleged errors committed by the trial court in charging the jury and in refusing to give instructions to the jury requested in behalf of the plaintiff in error. These specifications do no more than to vary the form of the questions heretofore decided by this court after mature deliberation. The instructions given, to which exceptions were noted, need not be commented on, further than to say that we find the same to be harmonious with the opinion which this court rendered. The contrary has not been alleged, but it is earnestly contended that a law of the state of California has been construed in a way to impair its force, which construction is inconsistent with decisions of the state courts. This contention, however, is not supported by citation of any final adjudication by any court of the state of California, not heretofore considered and commented upon.

The only contention of the plaintiff in error, which may be considered as new matter, is based upon exceptions to the refusal of the court to give to the jury certain instructions requested in writing, as follows:

Exception No. 2:

"The court instructs the jury that a passenger upon a railroad train has a right to presume, where a train is to stop at a regular station, that it will stop a sufficient length of time to allow passengers desiring to alight to have a reasonable opportunity to do so, without going upon the platform of the car before the train comes to a stop at the station. Passengers are not required, before the train comes to a stop, to go upon the platform to be ready to get off when it does stop. * * *"

Exception No. 3:

"A passenger is not justified in standing upon the platform of a car of a moving train as it approaches the station, merely for the purpose of his own convenience, or for the purpose of alighting quickly when the train arrives at the station. * * *"

Exception No. 4:

"If a passenger voluntarily stands upon the platform of a car of a moving train as it approaches the station, merely for the purpose of his own convenience, or for the purpose of alighting quickly when the train arrives at the station, in violation of the printed rules and regulations of a railroad company conspicuously posted in the manner prescribed by law, and while so standing upon the platform is injured or killed, when by remaining in the car he would have escaped injury, then neither he nor his heirs are entitled to recover against the railroad company, even though the railroad company was negligent in the manner of operation of the train. * * *"

[1] The instruction in exception No. 4 states a hypothetical case and applies to it an arbitrary rule, barring the right to recover damages for an injury or death. The rule applied is not correct according to the common law, because it ignores the right of the jury to determine, as a question of fact, whether the conduct of the injured was negligent. Considered in connection with the statutory law of California, the court did not commit error in refusing the instruction, after having set before the jury the provisions of the statute by its own tenor, which, as appears by the bill of exceptions, the court did. The other instructions above quoted embody philosophical proposi-

tions, rather than legal principles, manifestly intended to reinforce arguments used to persuade the jury.

[2] In the exercise of sound discretion a court may aid a jury, by explaining the evidence in a way to show the bearing of proved facts upon the issues to be determined; but instructions designed to guide to a conclusion favorable to either party are apt to restrict the freedom of jurors in the exercise of their own reasoning faculties, and thereby encroach upon their right to place their own estimate upon the importance of evidentiary facts. Therefore it is not reversible error for a court to refuse to give instructions, prepared by counsel, which merely support an argument.

The judgment is affirmed.

ROSS, Circuit Judge (concurring). While it cannot, I think, be doubted that the instruction set forth in Exception No. 2, referred to in the opinion, is good law, I do not think the trial court erred in refusing to give it, for the reason that, in view of the admitted facts in the case, the real question for the jury was whether or not the deceased's action at the time of the accident was such as to make him guilty of contributory negligence, in respect to which question the instruction of the court below seems to have been sufficiently full and clear.