UNITED STATES v. AXMAN et al.

(Circuit Court of Appeals, Ninth Circuit.   February 20, 1912.)

No. 1,959.

1. APPEAL AND ERROR (§ 1195*)—FORMER APPEAL—DECISION—LAW OF THE CASE.

   The decision of the Circuit Court of Appeals on a prior writ of error is the law of the case on retrial.

   [Ed. Note.—For other cases,'see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† U. S. Comp. St. 1901, p. 1390.

2. APPEAL AND ERROR (§ 1097*)—SECOND WRIT OF ERROR—SCOPE OF REVIEW.
    Where, after reversal on a prior writ of error, the same evidence is introduced and relied on, none of the questions which were before the court on the first writ of error can be reheard or re-examined.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368; Dec. Dig. § 1097.*]

In Error to the Circuit Court of the United States for the Northern District of California.

Action by the United States against Rudolph Axman and the American    ling Company of Baltimore. Judgment for defendants, and plaintiff brings error. Affirmed.

Robt. T. Devlin, U. S. Atty., and Parker S. Maddux, Asst. U. S. Atty.

Aitken & Aitken, for defendant in error Axman.

Jesse W. Lilienthal, for defendant in error American Bonding Co.

Before GILBERT, Circuit Judge, and HANFORD and WOLVERTON, District Judges.

HANFORD, District Judge. This is an action on a contractor's bond, in which, on a former presentation of the case to this court, a judgment in favor of the United States (167 Fed. 922, 93 C. C. A. 322) was reversed for reasons set forth in the opinion reported in American Bonding Co. v. United States, 167 Fed. 910, 93 C. C. A. 310. The brief filed in behalf of the plaintiff in error contains the candid admission that, upon a new trial being had in the Circuit Court, the government offered and relied upon the evidence introduced upon the first trial, and that the Circuit Court, in accordance with the opinion rendered by this court, held that there was no liability on the part of the American Bonding Company, and that, unless this court shall reconsider the opinion heretofore rendered, the decision of the case must be adverse to the United States.

[1] The case has been brought to this court by a writ of error, and to authorize a reversal of the judgment of the Circuit Court it would be necessary to find in the record an error committed by the Circuit Court prejudicial to the rights of the government. In view of the admissions above mentioned, it is obvious that no reversible error can be found, because the former decision by this court established the law of the case for the trial court.

[2] The rule applicable to the case, as now presented, is stated in the opinion of the Supreme Court in Roberts v. Cooper, 20 How. 481, 15 L. Ed. 969, as follows:

"It has been settled by the decisions of this court that after a case has been brought here and decided, and a mandate issued to the court below, if a second writ of error is sued out, it brings up for revision nothing but the proceedings subsequent to the mandate. None of the questions which were before the court on the first writ of error can be heard or examined upon the second."

This rule has been consistently observed by this court. Montana Mining Co. v. St. Louis, etc., Co., 147 Fed. 903, 78 C. C. A. 33; Sau

Pedro, L. A. & S. L. R. Co. v. Thomas, 187 Fed. 790, 109 C. C. A. 638.

After rendering its opinion on the former hearing of the case, this court considered and denied an application for a rehearing, and now the court can do no less than to declare the litigation terminated, subject to any right which the government may have to apply for a review of the case by the Supreme Court.

Affirmed.