### BODKIN v. EDWARDS.

(Circuit Court of Appeals, Ninth Circuit. May 18, 1920.)

No. 3428.

1. **Appeal and error** ☞1097 (1)—**Decision on former appeal conclusive on subsequent appeal.**

   Whatever has been decided upon one appeal cannot be re-examined in a subsequent appeal of the same suit or action.

2. **Appeal and error** ☞1099 (6)—**Decision on appeal from dismissal of bill constitutes law of case.**

   The decision on an appeal from an order dismissing the bill of complaint was conclusive on a subsequent appeal from a judgment for plaintiff, where the allegations taken as true on the first appeal were substantiated by evidence on the trial.

3. **Appeal and error** ☞1054 (1)—**Erroneous admission of evidence in equity suit harmless.**

   In an equity suit, the admission over objection and exception of evidence irrelevant, immaterial, and incompetent affords no ground for reversal, as the court considers only that which is competent and material to the issues joined.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Suit by William B. Edwards against Patrick H. Bodkin. From a decree for plaintiff, defendant appeals. Affirmed.

See, also, 241 Fed. 931.

Duke Stone and Dan V. Noland, both of Los Angeles, Cal., and Patrick H. Loughran, of Washington, D. C., for appellant.

Henry M. Willis, of Los Angeles, Cal., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. This is the second appeal. The first was by Edwards, complaining that the District Court erred in sustaining a motion to dismiss his bill of complaint. 249 Fed. 562, 161 C. C. A. 488. The bill is voluminous, setting forth with much

detail what was done in the Land Department affecting plaintiff's alleged rights, so that this court had before it practically the whole case. Although the facts were not proven, they were taken to be truly alleged for the purposes of the motion. Three principal questions were determined, which, if the conclusions reached by the court are to be adhered to, are decisive of the present controversy. They are:

(1) That the Land Department erred in matter of law in holding that the plaintiff had abandoned his homestead entry, while in fact he was residing upon the land and holding it pending a final determination by the Secretary of the Interior as to whether or not the land would be required for irrigation works under the first form of withdrawal. It is unnecessary to restate the reasoning of the court which induced the result.

(2) That the defendant acquired no preferential right by the proceedings had, by reason of the lack of authority in the Commissioner of the General Land Office to promulgate the rule under which the right is claimed. But, says the court:

"If it should be conceded that defendant did obtain a preferential right to enter the land while the land was completely withdrawn from entry under the first form, it was a right which, based upon a regulation, might be terminated by the Secretary of the Interior before entry, and in our opinion was so terminated by the regulations of January 19, 1909."

(3) Assuming that the defendant was permitted to substitute his scrip location under a claim of a preferred right, and that such scrip was issued under the law and regulation relating to soldier's additional homestead right, it was held that plaintiff was entitled to his homestead, under the regulations of the Land Department, for equitable reasons. Those reasons are fully stated in the opinion of the court.

A careful review of the testimony assures us that all material allegations of the bill of complaint have been substantiated, including the supposition of this court relative to use made of the soldier's additional homestead scrip by Bodkin in securing his entry of the land in the Land Department

[1] It is a rule of law, no longer to be controverted in the federal courts, that whatever has been decided upon one appeal cannot be reexamined in a subsequent appeal of the same suit or action. Thus far the determinations upon the first appeal become the law of the case, and res judicata, and thenceforth cannot again be questioned in the same cause by the parties to the suit or their privies. Supervisors of Wayne County v. Kennicott, 94 U. S. 498, 24 L. Ed. 260; Clark v. Keith, 106 U. S. 464, 1 Sup. Ct. 568, 27 L. Ed. 302; Mathews v. Columbia Nat. Bank of Tacoma, 100 Fed. 393, 40 C. C. A. 444; Guarantee Co. of North America v. Phenix Ins. Co., 124 Fed. 170, 174, 59 C. C. A. 376; Mutual Reserve Fund Life Ass'n v. Ferrenbach, 144 Fed. 342, 75 C. C. A. 304, 7 L. R. A. (N. S.) 1163.

[2] Applying the rule here, and seeing that the subsequent proceeding presents no additional question material to the issues, the former decision of this court is decisive of the case upon this appeal.

[3] There is much testimony in the record that is concededly irrelevant and immaterial, and much that is incompetent as well; but its admission by the trial court over objections and exceptions affords no ground in a cause in equity for reversal. The Circuit Court of Appeals gives consideration only to such as is competent and material to the issues joined.

Finding no error, the decree of the trial court will be affirmed.