## HAAVIK v. ALASKA PACKERS ASSOCIATION.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 128. Argued November 15, 1923.—Decided January 7, 1924.

1. An annual poll tax, and an annual license imposed only on non-resident fishermen within Alaska, are within the power delegated to the Alaska legislature by the Organic Act. P. 514.
2. These taxes, as applied to a citizen of California who went to Alaska to engage in the business of fishing and remained there, so engaged, for four months, are not in conflict with the due process clause of the Fifth Amendment. *Id.*
3. Nor does the license tax, confined to non-residents, violate the " privileges and immunities " provision (Const., Art. IV, § 2,); nor was it arbitrary or unreasonable to favor local residents by exempting them from it. P. 515.

Affirmed.

APPEAL from a decree of the District Court, dismissing a libel brought by the appellant to recover the sum of ten dollars, claimed to be due him from the appellee, as part of his wages as a fisherman. The appellee had paid that sum to discharge the taxes laid on the appellant in Alaska, the constitutionality of which the appellant disputed.

*Mr. H. W. Hutton* for appellant.

No part of the United States can tax a resident of another part who is but temporarily in the taxing part for the purposes of trade and business. *Union Transit Co.* v. *Kentucky,* 199 U. S. 202; *St. Louis* v. *Ferry Co.,* 11 Wall. 423; *Hays* v. *Pacific Mail S. S. Co.,* 17 How. 596; *Dewey* v. *Des Moines,* 173 U. S. 193; *State Tax on Foreign-Held Bonds,* 15 Wall. 321; *Passenger Cases,* 7 How. 283; *On Yuen Hai Co.* v. *Ross,* 8 Sawy. 384; Desty, Taxation, p. 296; *Short* v. *State,* 80 Md. 392; Wharton, Conflict of Laws, §§ 47–81; Story, Conflict of Laws, § 43; *Oakland* v. *Whipple,* 39 Cal. 112; *People* v. *Niles,* 35 Cal. 282; *People* v. *Townsend,* 56 Cal. 633;

*Robinson* v. *Langley*, 18 Nev. 71; *Ex parte White*, 228 Fed. 88.

No part of the United States can levy a tax on interstate and foreign commerce. *Kelley* v. *Rhoads*, 188 U. S. 1; *Louisiana R. R. Comm.* v. *Texas Pac. Ry. Co.*, 229 U. S. 330; *Western Oil Co.* v. *Lipscomb*, 244 U. S. 346; and other cases.

Can an integral part of the United States impose a special burden on a citizen and resident of another part, not imposed on its own people? *Ward* v. *Maryland*, 12 Wall. 418. *Geer* v. *Connecticut*, 161 U. S. 519, distinguished. Alaska permits anyone to take salmon for any purpose, but discriminates between residents and non-residents in a matter in which interstate and foreign commerce alone is involved.

The deduction of this tax from appellant's wages in San Francisco, was unlawful. Appellee is a California corporation. It could not at any time be present in Alaska. The contract of hiring was made in California. It was an entire contract and was only fully performed when those who signed it returned to this State. The earnings were payable only in San Francisco, except $10.00 payable after leaving Alaska.

A State cannot tax or affect a contract payable in another Territory. *State Tax on Foreign-Held Bonds*, 15 Wall. 300.

The school or poll tax in this instance operated in the case of libelant as a tax for the privilege of entering Alaska. *Crandall* v. *Nevada*, 6 Wall. 35; *State Treasurer* v. *P. M. B. R. R. Co.*, 4 Houston, 158.

The law taxing non-resident fishermen violated § 9 of the Organic Act of Alaska, providing: " nor shall the lands or other property of non-residents be taxed higher than the land or other property of residents." Appellant had property in the right to go to Alaska and fish.

The Act of July 30, 1886, c. 818, 24 Stat. 170, was a general law for all Territories, and prohibited the pas-

sage of special laws "for the assessment and collection of taxes for Territorial, county, township, or road purposes."

If the fisherman is not "employed", but works for himself, he does not pay the license tax, whether a resident or non-resident. The tax is special taxation.

If the District of Columbia should undertake to collect a poll tax from an attorney who went to Washington to argue a case before this Court, would not this Court hold the attempt void?

Art. IV of the Constitution declares: "The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States." *Stoutenburgh* v. *Hennick,* 129 U. S. 141; *Hanley* v. *Kansas City Southern Ry. Co.,* 187 U. S. 617; and the organic law of Alaska: "Sec. 3. That the Constitution of the United States . . . shall have the same force and effect within said Territory as elsewhere in the United States, . . ."

"While the word State is often used in contradistinction to Territory yet in its general public sense, and as sometimes used in the statutes and the proceedings of the government, it has the larger meaning of any separate political community, including therein the District of Columbia and the Territories, as well as those political communities known as States of the Union. Such a use of the word State has been recognized in the decisions of this court." *Talbott* v. *Silver Bow County,* 139 U. S. 438-444.

The resident owner of a fishing boat can use it without this tax. The property right of the non-resident owner is thus discriminated against, contrary to § 9 of the Organic Act.

*Mr. John Rustgard,* Attorney General of Alaska, for appellee.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Appellant challenges the validity of the Act of the Alaska Legislature approved May 1, 1919 (c. 29, Session Laws 1919), which imposes upon each male person, with certain exceptions, within the territory or the waters thereof an annual poll tax of five dollars to be used for school purposes; and also that portion of the Act of the same Legislature approved May 5, 1921 (c. 31, Session Laws 1921), which imposes an annual license tax of five dollars upon every non-resident fisherman—the term " to include all persons employed on a boat engaged in fishing."

Congress established an organized government for Alaska by the Act of August 24, 1912, c. 387, 37 Stat. 512. It declares that " the Constitution of the United States, and all the laws thereof which are not locally inapplicable, shall have the same force and effect within the said Territory as elsewhere in the United States." It also created a Legislature with power and authority, which " shall extend to all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States," subject to specified restrictions. One of them is this—" nor shall the lands or other property of nonresidents be taxed higher than the lands or other property of residents."

While residing in California appellant was employed by appellee corporation, owner and operator, to serve as seaman and fisherman upon the sailing vessel, "Star of Finland." He sailed upon her to Alaska and served with her there while she engaged in fishing, from the middle of May, 1921, until the middle of September. In compliance with the above-mentioned statutes, appellee paid the taxes which they imposed upon him and, on final settlement, charged the same against his wages. By this proceeding he seeks to recover the amount so deducted. Without opinion the court below sustained the validity of the taxes. Both statutes have been considered and

upheld by the Circuit Court of Appeals for the Ninth Circuit. *Alaska Packers' Association* v. *Hedenskoy,* 267 Fed. 154; *Northern Commercial Co.* v. *Territory of Alaska,* 289 Fed. 786.

Plainly, we think, the Territorial Legislature had authority under the terms of the Organic Act to impose both the head and the license tax unless, for want of power, Congress itself could not have laid them by direct action. *Talbott* v. *Silver Bow County,* 139 U. S. 438, 448; *Binns* v. *United States,* 194 U. S. 486, 491; *Alaska Pacific Fisheries* v. *United States,* 248 U. S. 78, 87; *Territory of Alaska* v. *Troy,* 258 U. S. 101.

Appellant went to the Territory for the purpose of engaging in the business of fishing and remained there for at least four months. He was not merely passing through —not a mere sightseer or tourist—but for a considerable period while so employed enjoyed the protection and was within the jurisdiction of the local government. To require him to contribute something toward its support did not deprive him of property without due process of law within the Fifth Amendment. Such cases as *Dewey* v. *Des Moines,* 173 U. S. 193, and *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194, 202, relied upon to support the contrary view, are not controlling.

The tax was upon an individual actually within the Territory; there was no attempt to reach something in a mere state of transit or beyond the borders. Some general rules touching the taxation of property were pointed out in *Brown* v. *Houston,* 114 U. S. 622, 632, 633, and *Pullman's Palace Car Co.* v. *Pennsylvania,* 141 U. S. 18. No more stringent ones should be applied when poll taxes are questioned. Unless restrained by constitutional provision, the sovereign has power to tax all persons and property actually within its jurisdiction and enjoying the benefit and protection of its laws. Cooley on Taxation, 3d ed., p. 22.

We are not here concerned with taxation by a State. The license tax cannot be said to conflict with § 2, Art. IV, of the Constitution—" the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States."  It applies only to nonresident fishermen; citizens of every State are treated alike.  Only residents of the Territory are preferred.  This is not wholly arbitrary or unreasonable, and we find nothing in the Constitution which prohibits Congress from favoring those who have acquired a local residence and upon whose efforts the future development of the Territory must largely depend.  See *Alaska Pacific Fisheries* v. *United States, supra,* and *Alaska Fish Co.* v. *Smith,* 255 U. S. 44, 47, 48.

None of the points relied upon by appellant is well taken and the decree below must be

*Affirmed.*