MILTON E. SPATT, Respondent, *v.* CITY OF NEW YORK et al., Appellants.

Second Department, July 5, 1961.

*Stanley Buchsbaum* and *Solomon Portnow* (*Charles H. Tenney, Corporation Counsel*), for appellants.

*Robert A. Morse* for respondent.

UGHETTA, J. Pursuant to an enabling act (L. 1934, ch. 873, as amd.) the City of New York has a sales tax on personalty purchased by its residents within its corporate limits (Administrative Code of City of New York, §§ N41–1.0 — N41–21.0) and,

complementing it, a use tax on personalty purchased by its residents without its confines (Administrative Code, §§ M41-15.0 — M41-37.0). The sales tax, as originally enacted in 1934 (Local Laws, 1934, No. 20 of City of New York [published as No. 21]) was imposed on the full price. But by amendment in 1935 (Local Laws, 1935, No. 29 of City of New York, § 1) there was exempted from the sales tax "the credit allowed for property of the same kind accepted in part payment and intended for resale." Unlike the sales tax, the use tax is applicable to the total consideration given or contracted to be given for such property or for its use.

Insofar as concerns the purchase of an automobile, the basic difference between the sales tax and the use tax is crystallized in article 42 of the Regulations of the City Comptroller, entitled Rules and Regulations, City Sales and Compensating Use Taxes. It is there provided, in effect, that under the sales tax (which is collected by the vendor), if a vendor sells an automobile and accepts a trade-in for which he makes an allowance, only the balance of the price after allowance for trade-in is taxable. On the other hand, where a resident purchases an automobile without the city, he is required under article 42 of such rules to pay a use tax based on the total purchase price, irrespective of part payment by a trade-in. The vendor, who is not within city jurisdiction, does not collect the use tax.

Here, plaintiff, a resident of the city, purchased an automobile in this State outside of the city. He brought it back for use within the city. Instead of paying a use tax on the full purchase price, plaintiff paid a tax only on the net price or balance after deducting the allowance or credit for the trade-in value of his used car. An assessment was made against him by the city for a claimed additional tax, based on the full price.

The Special Term has granted to plaintiff a summary judgment declaring void the challenged rules and enjoining the collection of the tax on the trade-in value, holding (24 Misc 2d 978) that these differing taxes do not afford a resident equal protection of the laws (U. S. Const., 14th Amdt., § 1; N. Y. Const., art. I, § 11). We reach a contrary conclusion.

Since the transaction here occurred in different cities but within the same State, no issue is presented under the commerce clause as to whether the discrimination constituted an undue burden on interstate commerce (cf. *McLeod* v. *Dilworth Co.*, 322 U. S. 327, 330, 331; *Gregg Dyeing Co.* v. *Query*, 286 U. S. 472, 480-482).

The principles which govern consideration of a tax, challenged as denying equal protection, are settled. The taxing

authority may apply the flexibility and variety appropriate to reasonable schemes of taxation, so long as the differing classifications rest on a reasonable basis (*Allied Stores of Ohio* v. *Bowers*, 358 U. S. 522, 526–528). If any state of facts reasonably can be conceived to sustain the distinction in taxation there is no constitutional violation (*Rast* v. *Van Deman & Lewis*, 240 U. S. 342, 357). " The question of constitutional validity disappears when it cannot be said that no state of facts reasonably justifying the classifications can be conceived " (*Matter of 436 W. 34th St. Corp.* v. *McGoldrick*, 288 N. Y. 346, 350). In the absence of proof or common knowledge to the contrary (cf. *Mullaney* v. *Anderson*, 342 U. S. 415), or in the absence of patent arbitrariness in the distinction, a rational basis for the differing classifications will be presumed (*Borden's Co.* v. *Baldwin*, 293 U. S. 194, 209, 210).

Heavier taxes on nonresidents than on residents have been held not violative of the equal protection clause where they might be regarded as: (a) payment for rendition of public services which had been availed of (*Travellers' Ins. Co.* v. *Connecticut*, 185 U. S. 364; *Haavik* v. *Alaska Packers Assn.*, 263 U. S. 510); (b) an attempt to bring back business lost as the result of a prior tax system or a means by which to defray extra cost of collection (*Madden* v. *Kentucky*, 309 U. S. 83); (c) encouragement of location within the State of useful industries (*Allied Stores of Ohio* v. *Bowers, supra*); or (d) a means of inducing the labor population to remain (*Williams* v. *Fears*, 179 U. S. 270, 276).

In *Madden* v. *Kentucky* (*supra*, p. 93), the authority of *Colgate* v. *Harvey* (296 U. S. 404) was expressly overruled. It had been held in the latter, in declaring violative of the equal protection clause an exemption from State income tax of interest on money loaned within but not without the State, that justification for the distinction on the ground that money loaned within the State will generally be invested there, was too speculative.

In *Allied Stores of Ohio* v. *Bowers* (358 U. S. 522, *supra*) the authority of *Wheeling Steel Corp.* v. *Glander* (337 U. S. 562) was distinguished solely on the narrow ground (cf. concurring opinion, p. 533) that, in providing for taxation of accounts receivable of nonresidents but not of residents, the State had expressly set forth the purpose of the discrimination to be a scheme of reciprocity; hence, the State left no room to conceive of a rational basis for the classification.

The distinction between the sales and use taxes of the city is justifiable here on the conceivable grounds, *inter alia*, of:

(1) encouragement of sales within the city (*Allied Stores of Ohio, supra*; *Williams* v. *Fears, supra*); (2) greater cost of enforcing the use tax, which involves a check on automobile registrations in all the counties of the State; and (3) probability of resale of the used trade-in automobile within the city as opposed to probability of its resale without the city (*Madden* v. *Kentucky, supra*).

The order and judgment should be reversed on the law, with $10 costs and disbursements; plaintiff's motion for summary judgment should be denied; and summary judgment in favor of the defendants dismissing the complaint, with costs, should be granted, pursuant to rule 113 of the Rules of Civil Practice.

NOLAN, P. J., PETTE and BRENNAN, JJ., concur; BELDOCK, J., not voting.

Order and judgment reversed on the law, with $10 costs and disbursements; plaintiff's motion for summary judgment denied; and summary judgment in favor of the defendants dismissing the complaint, granted, with costs.