# WALTER R. GWIN v. DEPARTMENT OF REVENUE

James H. Spence, Roseburg, represented plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered May 24, 1972.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from the Department of Revenue's Order No. I-71-14, which held that plaintiff qualified as a statutory resident for the tax years in issue and that Oregon had the power to tax all of his personal income from whatever source derived, as prescribed in

ORS chapter 316. Plaintiff prays that this court set aside the order and determine that tax deficiencies, interest and penalties assessed to him for the 1966, 1967 and 1968 tax years, respectively, be disallowed.

The relevant facts are not in dispute. Plaintiff, a career Army man had been ordered from Michigan and was stationed in California in 1964. Having a wife and three sons, he had purchased a residence and intended to make California his permanent home. Upon his retirement from the military service in 1965, he was employed by the U.S. Forest Service in Oregon, leaving his home and family in California. Plaintiff has worked in Oregon since 1965 and has lived on Forest Service reservations within the state. It is conceded by the Department of Revenue that the taxpayer was legally domiciled in California during the years in question. (His testimony included valid reasons for not transferring his domicile to Oregon.) Approximately two-thirds of plaintiff's income is derived from his employment with the U.S. Forest Service in Oregon and one-third from his military retirement pay.

ORS 316.055 provides that a "resident" of Oregon is subject to personal income tax upon his entire net income "from sources both within and without the state"; a "nonresident" is subject to tax only on income ascribable to property located in the state or the sale thereof, to business carried on or personal services rendered in the state, and the like. Compensation for personal services rendered by a nonresident wholly outside this state and in no way connected with the management or conduct of a business in this state is excluded from gross income. Reg. 316.055(2).

The income at issue concerns the taxpayer's retire-

ment pay which he contends is not taxable by Oregon because he is domiciled in California. The plaintiff reports all of his income for personal income tax purposes to California and claims a credit as a California resident in his California personal income tax return in the full amount of his Oregon income tax. (This California credit is based on a statute similar to ORS 316.475.) The question before the court is governed by the language of ORS 316.010(14) (supplanted in 1969 by ORS 316.027(1)(b), which provides:

> " 'Resident' * * * includes all individuals who, * * * whether regarding their domicile as in this state or not, reside within this state for other than a temporary or transitory purpose. Every individual who resides within the state for more than 200 calendar days, * * * during the tax year shall be presumed to be a resident of the state. This presumption may be overcome by evidence satisfactory to the commission that the individual maintains a permanent place of abode outside of the state *and is in the state for a temporary or transitory purpose.* * * *" (Emphasis supplied.)

Plaintiff spends all his time in Oregon except for annual vacations and some holidays.

 Plaintiff contends that the term "resident" is synonymous with the term "domicile" and that the presumption of residency in the above-quoted statute is overcome when it is shown that the taxpayer has a permanent place of abode (domicile) elsewhere. However, the statutory language clearly spells out the intent of the legislature to distinguish between a "domiciliary" (including a "resident" as that word is often used) and a "statutory resident" (an individual uncertain of his domicile or clearly domiciled elsewhere, but residing in the state for other than a

temporary or transitory purpose). See Black's Law Dictionary 1473 (4th ed 1951), "Resident," "Residence."

The reasons for recognizing these categories of resident are easily discovered. A reading of the Department of Revenue's Reg. 316.010(14) illustrates a few of the administrative problems engendered by the concept of "resident" and the temptation for many individuals to utilize the concept of domicile to avoid taxation. It is now well settled that the word "residence" is a term of varying import and its statutory meaning depends on the context and the purpose of the statute in which it is used. *Whittell v. Franchise Tax Board,* 231 Cal App2d 278, 287, 41 Cal Rptr 673 (1964). (California's Rev & Tax Code, §§ 17014-17016, and pertinent regulations, contain language similar to that found in the Oregon statute and regulations.)

■ Taxpayer also contends that the State of Oregon does not have jurisdiction (power) to tax non-Oregon source income of individuals present within the state but not domiciled in Oregon. However, the only limitations on the taxing power of the states, outside of those limitations arising from the nature of taxes, are those contained in the federal and state constitutions. The U. S. Supreme Court in *Haavik v. Alaska Packers' Asso.,* 263 US 510, 44 SC 177, 68 L Ed 414 (1924), said:

"* * * Unless restrained by constitutional provision, the sovereign has power to tax all persons and property actually within its jurisdiction and enjoying the benefit and protection of its laws. * * *"

The court finds no federal or Oregon state constitutional limitation preventing this state from taxing non-

domiciliaries under ORS 316.010(14). (Although there is no provision enjoining the tax upon the same income by two different sovereigns, happily the tax credit provisions of Oregon and California prevent "double taxation" in cases of this type.)

■ The court concludes that the plaintiff has not presented evidence satisfactory to show that he "* * * is in the state for a temporary or transitory purpose * * *." The language of the Oregon State Tax Commission's Reg. 316.010(14), relating to the issue of the meaning of temporary or transitory, aids the court's interpretation of the above-quoted statutory language:

> "If, however, an individual * * * is here for business purposes which will require a long or indefinite period to accomplish, or is employed in a position that may last permanently or indefinitely, * * * he is * * * a resident taxable upon his entire net income even though he may retain his domicile in some other state or country."

The taxpayer stated that he intended to continue to work for the Forest Service until 1975 or 1976 when his youngest son would be graduated from college. He further stated that he intended to work in Oregon so long as he was not transferred to a California location. (He had hoped for a transfer to a California post in the U. S. Forest Service but had not been able to effect it.) Therefore, the court concludes that he is not in Oregon for a "temporary or transitory purpose" as that language was used by the legislature.

For these reasons the Department of Revenue's order is affirmed, except as to penalties. In the nature of the case, penalties should not be imposed.