## WILLIAM F. SMITH and CHARLOTTE F. SMITH *v.* DEPARTMENT OF REVENUE

James H. Lewelling, Newport, represented plaintiffs.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered May 14, 1973.

CARLISLE B. ROBERTS, Judge.

This is a suit to set aside defendant's Order No. I-72-31, which sustained a personal income tax de-

ficiency assessed against plaintiffs for the 1970 calendar tax year.

During the years 1957 through 1961, plaintiffs were Alaskan residents and owned a seafood-processing company in Alaska. Their business necessitated the leasing and use of shrimp-peeling machines.

Sometime after 1961, plaintiffs learned that the companies from whom they were leasing the machines had been charging rent in a manner which violated the federal antitrust laws. Plaintiffs joined with other lessee companies in suing the lessors. In 1966, the U.S. District Court, Western District of Washington, Southern Division, rendered a treble-damage judgment in favor of the plaintiffs on account of the overcharges. The defendant companies, financially unable to pay all the damages in one year, effected a settlement in which they contracted to pay the respective plaintiffs only the overcharges and interest thereon, in installments over a period of years.

Plaintiffs were not residents of Oregon during the years in which the overcharges were suffered and during the year in which the judgment in their favor was rendered. However, when they established Oregon residency in 1967, they were still receiving agreed installment payments from the lessor companies. Defendant had conceded that amounts received, apart from interest in 1967 and 1968, were not taxable by Oregon under the Personal Income Tax Act of 1953. However, with the enactment of the 1969 Act (ORS chapter 316), it held that these installment payments, received by plaintiffs while residents of Oregon, are subject to Oregon's personal income tax.

In 1969, the Oregon legislature enacted the Personal Income Tax Act of 1969, the intent of which was,

insofar as possible, to make the definition of Oregon "taxable income" identical in meaning with that term as used in the federal income tax law. See ORS 316.002 and ORS 316.007.

ORS 316.062, a part of the Personal Income Tax Act of 1969, provides as follows:

"The entire taxable income of a resident of this state is his federal taxable income as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter."

The "modifications, additions and subtractions" referred to in ORS 316.062 are delineated in ORS 316.067. A reading of ORS 316.067 reveals nothing that would entitle the taxpayers to any modification of their federal taxable income for purposes of arriving at their Oregon taxable income. The taxpayers' Oregon taxable income appears to be identical with their federal taxable income. ORS 316.062 and ORS 316.067. Unless some supervening reason can be established, the installment payments received by the taxpayers while Oregon residents, includable in their federal taxable income, are likewise includable in their Oregon taxable income.

Neither party contests the conclusion that the recovery of the overcharges constitutes taxable income in the year of receipt for federal purposes. That the same conclusion must be accepted for state purposes is better understood by studying the federal decisions.

The overcharges which plaintiffs suffered were recovered through the civil antitrust judgment in their favor. These overcharges had previously been taken by plaintiffs as business-expense deductions on their fed-

eral personal income tax returns. Their subsequent recovery yields federal taxable income to the extent provided by the Internal Revenue Code of 1954. *Commissioner v. Glenshaw Glass Co.*, 348 US 426, 75 S Ct 473, 99 L Ed 483, 47 AFTR 162 (1955); *Burnet v. Sanford & B. Co.*, 282 US 359, 51 S Ct 150, 75 L Ed 383, 9 AFTR 603 (1931); and *Alice Phelan Sullivan Corp. v. United States*, 381 F2d 399 (Ct Cl 1967), 20 AFTR2d 5137, 67-2 USTC ¶ 9570.

The basic problem in this case is believed to be the plaintiffs' sense of unfair treatment arising from their concept of the meaning of "taxable income" and of a state's jurisdiction to tax. Of course, the legal theories involved are complex. A part of the problem arises from the fact that the precise item involved in this case is not a flow of profits but, on the contrary, a business expense wrongfully imposed by a lessor, negating income. A conscious step in plaintiffs' thinking is required to recognize that this business deduction actually offsets gross income dollar for dollar, thus reducing taxes in the year of the deduction. A third step must then be taken; i.e., applying the tax-benefit rule to the recapture, rendering it income in the year of receipt. However, the broad definition of gross income, discussed by the U.S. Supreme Court in the *Glenshaw Glass* case, *supra*, leaves no doubt as to the propriety of the federal tax imposition.

The plaintiffs, in effect, ask: How can this tax imposition be carried into Oregon's jurisdiction when the rental-expense deductions were never taken on Oregon income tax returns and the sums recovered by lawsuit are deemed "income" under the federal law only because they caused a diminution in federal income tax during years prior to the act of the plaintiffs in becoming residents of this state?

The answer is found in the review of a number of elements of tax theory which show that the applicable, necessary, practical aspects of income tax administration do not lack a legal foundation, although they may create a sense of unfairness in this instance.

 The state, as well as the federal government,' has a duty to raise revenue in order to provide necessary governmental services. The state, as sovereign, has a power to tax which is virtually unlimited, except as circumscribed by constitutional provisions (none of which are applicable in the present case). *Haavik v. Alaska Packers' Asso.*, 263 US 510, 44 S Ct 177, 68 L Ed 414 (1924); *Gwin v. Dept. of Rev.*, 5 OTR 40 (1972). The state is empowered to create any income tax formula it desires; it can even impose a gross income tax. Its adoption of the federal definition of taxable income shows an intent to exert "the full measure of its taxing power." See *Commissioner v. Glenshaw Glass Co., supra,* and cases cited therein.

 The state's power to levy taxes on its own domiciliaries, even on income produced outside the state, is well established. *New York ex rel. Cohn v. Graves,* 300 US 308, 57 S Ct. 466, 81 L Ed 666, 1 STC ¶ 227 (1937); *Lawrence v. State Tax Commission,* 286 US 276, 52 S Ct 556, 76 L Ed 1102, 1 STC ¶ 226 (1932). Oregon, having adopted an income tax to raise revenue, using the federal model, is as much constrained as is the federal government to observe the boundaries of time periods in determining what is income. *Burnet v. Sanford & B. Co., supra.* This requirement will affect persons moving into and out of the state, requiring persons such as the plaintiffs herein to pay taxes, under the definition of "income," on aspects of

their personal economy which, without the domiciliary element, would be outside the state's jurisdiction.

In the present instance, the taxpayers were domiciled in Oregon when items denominated as income were received. So far as is known, Oregon is the only jurisdiction at the state level which imposed a tax upon the item in dispute and it clearly is income for Oregon purposes. The State of Alaska may have a claim against the taxpayers, based upon the tax-benefit rule. If so, Oregon has sought to achieve an equitable result to avoid double taxation at the state level by providing for a credit for taxes paid to the other state. ORS 316.082. Whether or not this was applicable in the present case has not been revealed by the testimony.

The defendant's order is affirmed.