James Wright vs. James W. Allen — Appeal from Victoria County.

The writ of *quo warranto* can only be sued out in the name of the state by its prosecuting officer. No statute exists here extending this right to the citizen. [4 Tex. 400.]

The appellant presented his petition to the judge of the district court for the county of Victoria, alleging that he had been legally elected judge of the probate court for the said county, and that the appellee had given him notice that he contested the election; that the proceedings before the chief justice and commissioners trying the contest were void and contrary to law; that the appellee claimed to hold the said office of judge of probate by the illegal decision of the chief justice and commissioners. A writ of *quo warranto* was accordingly prayed for and granted by the judge, on the return

of which the appellee answered, denying all illegality in the trial of the contested election, and insisting that he was by law entitled and duly authorized to hold the said office. The record of the proceedings of the chief justice and commissioners was made a part of the answer. The district court dismissed the writ and the appellant took an appeal to this court.

*Robinson* and *Jones*, for appellant, contended:

1st. That the appellant having received a certificate of election to the office in question, and having taken the oath [159] of office required by law, and entered upon the discharge of the duties thereof, ought to have been confirmed therein.

2d. That the county court was required by law to have remained in session, after having met to try the case, until a decision was rendered deciding the contest relative to said office, but its adjournment from one special term to another, without having done so, amounted to a discontinuance of the case.

They cited Tomlin's Law Dic. 408 and 559; Bac. Abr. title Court, 558.

*Webb*, for appellee.

A *quo warranto* to try the title to an office cannot be maintained except at the instance of the government. Wallace v. Anderson, 5 Wheat. 291.

The second ground of objection taken by the appellant's counsel is met by the statute, which declares that the county court shall convene in special session for the trial of the validity of the election " as soon as convenient." 1st vol. Laws of Legislature, p. 215, sec. 23. The objection, moreover, must be regarded as waived, because it was not urged at the time of the postponement of the case in the county court.

Mr. Justice LIPSCOMB delivered the opinion of the court.

We can see no error in the proceedings on the trial of the contested election between the appellant and appellee, before the chief justice and commissioners of Victoria county; the examination seems to have been conducted in accordance with

the statute directing the mode of trying contested elections. And we should affirm the judgment on the merits, but there is an additional reason for its affirmance. The suit is not conducted in the name of the state, nor its prosecuting officer, but it is in the name of Wright, suing in his own name. The writ of *quo warranto* before the statute of Ann, could only be sued out in the name of the attorney general [**160**] on the part of the crown. We have no statute in this state extending the right to the citizen to sue out this writ, and consequently it should be in the name of the state, by the prosecuting officer. In Wallace v. Anderson, 5 Wheat. 291, the supreme court of the United States decided that an information for a *quo warranto* to try title to an office cannot be maintained but at the instance of the government.

The judgment is affirmed.