## TERRITORY *v.* LOCKWOOD.

A proceeding in the nature of a *Quo Warranto*, in one of the Territories of
   the United States, to test the right of a person to exercise the functions
   of a judge of a Supreme Court of the Territory, must be in the name
   of the United States, and not in the name of the Territory.  If taken
   in the name of the Territory the error may be taken advantage of on
   demurrer, and it is fatal.

THE act of Congress organizing the Territory of Nebraska
ordains that the executive power in and over *the* Territory
shall be vested in a governor; that the legislative power
shall be vested in a governor and legislative assembly; and
that the judicial power of the Territory shall be vested in a
Supreme Court, &c.  And the Code of the Territorial legis-
lature* gives the remedy of information against " any person
unlawfully holding or exercising *any* public office or fran-
chise *within this Territory;*" providing, also, that the defen-
dant shall " answer such petition in the *usual way;* and, issue
being joined, it shall be tried in the *ordinary* manner."

With these provisions in force, the district attorney filed
in one of the District Courts of Nebraska Territory an
information in the nature of a *Quo Warranto* in the name
of the " *Territory of Nebraska,* on the relation of Eleazar
Wakely," against a certain Lockwood, to test the rights of
the said Lockwood to exercise the office of an associate judge
of the Supreme Court of the Territory; a court in which,
as is known, the judges are appointed by the President of
the United States.  The information was full, explicit, and
technical in its statement of the case; alleging, with circum-
stance, that the relator had a right to the office, and that the
defendant held, exercised, usurped, and invaded, &c., without
any legal warrant, &c.  The defendant demurred generally.
The District Court sustained the demurrer, and gave judg-
ment in his favor.  The relator took the case to the Supreme
Court of the Territory, where the judgment below was
affirmed.  This was a writ of error to reverse that judgment

---

* 10 Stat. at Large, 277.

The question presented for the determination of this court was, whether the petition was well brought in the name of the *Territory*, or whether it should not have been in behalf of the United States.

*Mr. Woolworth for the Territory and relator, plaintiff in error :* The language of the Code, "*any* public office," plainly embraces the office of a Territorial judge. Not only does such an officer hold an office "within the Territory," but the whole of the judicial power of the Territory is vested in him and his associates. He is an officer of the Territory. His duties are all performed within it and concerns its people. The expression of the organic act that "the judicial power of *the* Territory" shall be vested, &c., indicates that the powers belong to the Territory in its very nature; that is to say, that they are inherent in it as a political entity. The Territory is made the sole governing power within its limits, so far as its domestic affairs are concerned. All laws, we know, are enacted, and all judicial proceedings conducted in its name. The usurper of one of its offices is an offender against *its* dignity. The people of *it* suffer by the act of usurpation. It is unimportant how either the relator or the defendant claims; whether by appointment of the president, the governor, or by election from the people. Each, in either or any case, is equally within the spirit of the Code and organic act.

Territorial courts are not constitutional courts in which the judicial powers conferred by the Constitution on the General Government can be deposited. They are legislative courts, created in virtue of the general right of sovereignty which exists in the government, or in virtue of that clause which enables Congress to make laws regulating the territories belonging to the United States. The jurisdiction with which they are invested is not a part of that judicial power which is defined in the third article of the Constitution, but is conferred by Congress in the exercise of its powers over the Territories of the United States.*

* American Insurance Company *v.* Canter, 1 Peters, 546.

The Code does not contemplate a demurrer. It declares, on the contrary, that the defendant shall "answer." But, however this may be, the demurrer is but general. The defendant thus admits himself to be an intruder into a judicial office, and rests upon the pretence that no cause of action is shown by the information, though that information sets forth the relator's right to the office and his unwarrantable exclusion from it by the defendant in as full, clear, direct, and formal terms as are employed in any precedent to be found in any book of Entries whatever. In such a case an objection purely technical, as this is, an objection, to wit, that the name of the United States, and not that of the Territory, should be used, will be listened to with disfavor.

*Lockwood, propriâ personâ, contra.*

Mr. Justice SWAYNE delivered the opinion of the court.

The writ of *Quo Warranto* was a common law writ. In the course of time it was superseded by the speedier remedy of an Information in the same nature.* It was a writ of right for the king.† In the English courts an information for an offence differs from an indictment, chiefly in the fact that it is presented by the law officer of the crown without the intervention of a grand jury.‡ Whether filed by the attorney-general or the master of the crown office, and whether it relates to public offences or to the class of private rights specified in the statute of 9 Ann. ch. 20, in relation to which it may be invoked as a remedy, it is brought in the name of the king, and the practice is substantially the same in all cases.§ Any defect in the structure of the information may be taken advantage of by demurrer.‖

---

* 5 Bacon's Abridgment, 174, Tit. Information A; 3 Blackstone's Commentaries, 263.

† 7 Comyn's Digest, p. 190, Phila. ed., 1826; Tit. *Quo War.* A.

‡ 2 Hawkins' P. C., chap. 26, § 4.

§ Cole on Informations, 65, 113; Rex *v.* Francis, 2 Term, 484; 4 Blackstone's Commentaries, 312.

‖ Regina *v.* Smith, 2 Moody & Robinson, 109; Regina *v.* Law, Id. 197.

In this country the proceeding is conducted in the name of the State or of the people, according to the local form in indictments, and a departure from this form is a substantial and fatal defect.*

In *Wallace* v. *Anderson*,† this court said, "that a writ of *Quo Warranto* could not be maintained except at the instance of the government; and as this writ was issued by a private individual, without the authority of the government, it could not be sustained, whatever might be the right of the prosecutor or the person claiming to exercise the office in question." In the case of the *Miners' Bank* v. *United States*,‡ on the relation of Grant, the information was filed in the name of the United States in the District Court of Iowa Territory. The sufficiency of the information in this respect does not appear to have been questioned. A State court cannot issue a writ of mandamus to an officer of the United States. "His conduct can only be controlled by the power that created him."§ The validity of a patent for land issued by the United States "is a question exclusively between the sovereignty making the grant and the grantee."‖

The judges of the Supreme Court of the Territory of Nebraska are appointed by the President and confirmed by the Senate of the United States. The people of the Territory have no agency in appointing them and no power to remove them. The Territorial legislature cannot prescribe conditions for the tenure or loss of the office. Such legislation on their part would be a nullity. Impeachment and conviction by them would be futile as to removal. The right of the Territory to prosecute such an information as this would carry with it the power of a motion without the consent of the government from which the appointment was derived. This the Territory can no more accomplish in one

---

* Wright *v.* Allen, 2 Texas, 158; Wright *v.* The People, &c., 15 Illinois, 417; Donnelly *v.* The People, &c., 11 Id. 552; Eaton *v.* The State, 7 Blackford, 65; Comm. *v.* Lex & H. T. Co., 6 B. Monroe, 398.

† 5 Wheaton, 292.                              ‡ 5 Howard, 213.

§ McClung *v.* Silliman, 6 Wheaton, 605.

‖ Field *v.* Seabury et al., 19 Howard, 332.

way than in another. The subject is as much beyond the sphere of its authority as it is beyond the authority of the States as to the Federal officers whose duties are to be discharged within their respective limits. The right to institute such proceedings is inherently in the Government of the nation. We do not find that it has been delegated to the Territory. We think the demurrer was well taken.

JUDGMENT AFFIRMED WITH COSTS.