## AUK BAY SALMON CANNING CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 4, 1924.)

No. 4245.

1. **Territories ⊙—11—Congress may delegate power to pass fish laws to territorial Legislature.**

While power to pass customs, internal revenue, postal, and general laws of United States is vested solely in Congress, and cannot be delegated to territory, power to enact fish laws applicable to territory alone may be delegated to territorial Legislature.

2. **Statutes ⊙—55—Alaska statute, regulating fishing and increasing penalties, held invalid.**

Laws of Alaska of 1923, providing longer closed season for salmon fishing, enlarging area affected thereby, and increasing penalties for

violation of fishing regulations, *held* invalid, as amending, altering, and to some extent repealing acts of Congress relating thereto, in violation of Organic Act Alaska Aug. 24, 1912 (Comp. St. §§ 3528–3544, 3559).

**3. Statutes ⬤217—Statement made in debate in Congress held not to relieve court of responsibility of construing act according to its terms.**

Statement of opinion by congressman in debate at time of enactment of Organic Act Alaska Aug. 24, 1912 (Comp. St. §§ 3528–3544, 3559), that prohibition against alteration and amendment of fish laws did not take from Legislature power to pass additional laws of that character, *held* not to relieve court of responsibility of construing act according to its terms.

In Error to the District Court of the United States for Division No. 1 of the District of Alaska; Thomas M. Reed, Judge.

The Auk Bay Salmon Canning Company was convicted of an offense, and it brings error. Reversed and remanded, with directions.

Chickering & Gregory, of San Francisco, Cal., Kerr, McCord & Ivey, of Seattle, Wash., and H. L. Faulkner and R. E. Robertson, both of Juneau, Alaska, for plaintiff in error.

A. G. Shoup, U. S. Atty., of Juneau, Alaska.

John Rustgard, Atty. Gen., of Alaska, amicus curiæ.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. On June 26, 1906, Congress enacted a statute for the protection and regulation of the fisheries of Alaska. 34 Stat. 478 (Comp. St. §§ 3628–3643). On May 4, 1923, the Legislature of the territory of Alaska passed an act to supplement the fishing laws of the United States applicable to Alaska. Session Laws of Alaska of 1923. The plaintiff in error was convicted under an indictment charging it with violation of the provisions of the latter statute. The question presented upon the writ of error is whether or not the Organic Act of August 24, 1912 (37 Stat. 512 [Comp. St. §§ 3528–3544, 3559]), renders illegal the act of the territorial Legislature. The Organic Act follows in the main the form of prior territorial Organic Acts. In section 3 (section 3530) it provides:

"That except as herein provided all laws now in force in Alaska shall continue in full force and effect until altered, amended, or repealed by Congress or by the Legislature: Provided, that the authority herein granted to the Legislature to alter, amend, modify, and repeal laws in force in Alaska shall not extend to the customs, internal revenue, postal, or other general laws of the United States or to the game, fish, and fur seal laws and laws relating to fur-bearing animals of the United States applicable to Alaska, or to the laws of the United States providing for taxes on business and trade, or to the act entitled 'An act to provide for the construction and maintenance of roads, the establishment and maintenance of schools, and the care and support of insane persons in the district of Alaska, and for other purposes,' approved January twenty-seventh, nineteen hundred and five, and the several acts amendatory thereof: Provided, further, that this provision shall not operate to prevent the Legislature from imposing other and additional taxes or licenses."

It was the expressed purpose of the act of the Legislature of Alaska "to supplement the fish laws of the United States applicable to Alaska; to conserve the salmon supply of Alaska; to provide for closed sea-

sons for salmon fishing and for other purposes." By its terms it created a distinction which did not exist in the law enacted by Congress, a distinction between those who fish for commercial purposes and those who fish for other purposes. It provided for a longer closed season and extended it over a greater area than was prescribed in the prior statutes. It also increased the penalties for violation of the fishing regulations.

We cannot agree with counsel for either side of the case that the question of the power of the territorial Legislature to enact the statute here involved has been met or decided by any decision of the Supreme Court or of this court. The defendant in error cites Alaska Fish Co. v. Smith, 255 U. S. 44, 41 Sup. Ct. 219, 65 L. Ed. 489, and Haavik v. Alaska Packers Ass'n, 263 U. S. 510, 44 Sup. Ct. 177, 68 L. Ed. ——. The first of those cases sustains the authority of the Legislature of the territory to impose a license tax upon the manufacture of oil and fertilizer from fish, and holds that to impose such a tax was not to modify or repeal the fish laws of the United States which impose a lower tax on such manufacture. Referring to the provisions of the law imposing the tax the court said, "But these are not fish laws as we understand the phrase," and the court found express authority for the increased license tax in the provision of section 3 of the Organic Act, which gave unlimited permission to impose additional taxes and licenses. The defendant in error relies upon the following language of the opinion:

"If Alaska deems it for its welfare to discourage the destruction of herring for manure and to preserve them for food for man or for salmon, and to that end imposes a greater tax upon that part of the plaintiff's industry than upon similar use of other fish or of the offal of salmon, it can hardly be said to be contravening a Constitution that has known protective tariffs for a hundred years."

But what was there said was in answer to the contention that the increased tax was so high as to prohibit and confiscate the plaintiff's business. There is nothing in the decision to show that the court did not, as the opinion expressly declares it did, "confine the decision to the statutes." The Haavik Case holds only that an annual poll tax and an annual license imposed on nonresident fishermen in Alaska are within the power delegated to the Alaska Legislature by the Organic Act. The plaintiff in error cites the decision of this court in Alaska Pacific Fisheries v. Territorial Alaska, 236 Fed. 52, 149 C. C. A. 262, but in that case we went no farther than to hold that, under the provision of the Organic Act permitting the territorial Legislature to impose other and additional taxes or licenses, the act of the Legislature in imposing license taxes for carrying on the business of canning and curing fish or manufacturing fish products was expressly authorized, and that it had not the effect to alter, amend, modify, or repeal existing fish and game laws applicable to Alaska.

[1] The plaintiff in error lays stress upon the fact that in the Organic Act the prohibition against alteration, amendment, and repeal of existing fish and game laws is associated with prohibition to amend, modify, or repeal the customs, internal revenue, postal, and other gen-

eral laws of the United States. We attach no significance to the juxtaposition of these provisions. The power to pass customs, internal revenue, postal, and general laws of the United States is vested solely in Congress, and could not be delegated to a territory. But it is otherwise with fish laws, applicable alone to the territory. The power to enact such laws may be fully delegated to the territorial Legislature.

[2] The inhibition against amendment, alteration, etc., of the fish laws must stand by itself, and be construed according to its plain terms. We see no escape from the conclusion that to make the changes in those laws which were attempted to be made by the territorial Legislature was to alter, amend, and to some extent repeal the acts of Congress relating to the same subject, and was within the prohibition of the Organic Act. To extend the period of the closed season, to enlarge the area affected by it, and to increase the penalties for violation of the fishing regulations, was to amend and alter the existing law. This conclusion is not obviated by the declaration therein contained that the statute shall not be construed as in any wise to alter, amend, modify, or repeal any of the fish laws, and that its purpose is only to provide for further and additional regulations for additional protection to the salmon and insure a future supply thereof, and it is not ground for holding otherwise that the alterations and amendments did in fact result only in greater protection to the fish and were in the interests of and operated to the welfare of the inhabitants of Alaska. The question is what is, and not what ought to be, the law.

[3] Nor do we think that a different view should be taken of the prohibitions of the Organic Act by reason of anything that was said in debate at the time of their enactment by Congress. One member of Congress was of the opinion that the prohibition against alteration and amendment of the fish laws "does not take away from the Legislature the power to pass additional laws of that character." Others seem to have entertained a different opinion. Nothing that was said, however, is authoritative, or of such a character as to relieve this court of the responsibility of construing the Organic Act according to its terms. United States v. Union Pacific R. R. Co., 91 U. S. 72, 23 L. Ed. 224; United States v. Freight Association, 166 U. S. 290, 17 Sup. Ct. 540, 41 L. Ed. 1007.

The judgment is reversed, and the cause is remanded, with instruction to quash the indictment.